1998 OK CIV APP 191

**Laurel MITCHELL, Appellant,**

v.

**STATE of Oklahoma; Bob Macy, District Attorney; $6000.00 in U.S. Currency; and The City of Oklahoma City, Appellees.**

**No. 90,752.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Nov. 17, 1998.

Paul Streck, Grover Miskovsky, Miskovsky, Miskovsky, Streck & Associates, Oklahoma City, Oklahoma, for appellant.

Amy Douglas, Assistant Municipal Counselor, William O. West, Municipal Counselor, Oklahoma City, Oklahoma, for appellee city.

REIF, J.

¶ 1 Laurel Mitchell appeals the trial court's refusal to award her attorney fees, interest, and costs after she prevailed on her

---

1. Our holding here does not preclude the Workers' Compensation Court's consideration of *permanent* disability.

"claim of ownership" of money held by the City of Oklahoma City. Ms. Mitchell bases her claim for attorney fees on 12 O.S.1991 § 1580, contending she prevailed in "an action to recover the possession of personal property." She bases her claim for costs and interest on statutory authority *generally* applicable to prevailing parties and judgments. Upon review, we affirm the denial of attorney fees, interest, and costs, because (1) Ms. Mitchell's "claim of ownership" of the money in question was triable under the special procedure set forth in 22 O.S.Supp.1997 § 1321, and (2) this *specific* statute does not authorize attorney fees, interest, and costs.

¶2 Subsection B of section 1321 expressly applies when "property coming into the custody of a municipal, county or state peace officer is not alleged to have been stolen or embezzled."[1] Subsection B states that "the peace officer *may* return such property to the owner upon satisfactory proof of ownership." (Emphasis added.) Subsection B makes reference to the notice and hearing provisions in the other subsections of section 1321 and allows for the "return of the property specified in this section" without complying with the notice and hearing provisions *only* "if there is no dispute concerning the ownership of the property."

¶3 Other than the pleadings filed by the respective parties, there is no record concerning Ms. Mitchell's "proof of ownership" and the reluctance of the City of Oklahoma City to release the money to her without a judicial determination of her ownership. There was no dispute, however, that the money was recovered by the Oklahoma City police from the driver's side of a rental car in which Ms. Mitchell's son was a passenger. The money was found during the arrest of Ms. Mitchell's son on December 21, 1996. Pleading allegations and affidavits submitted by the City of Oklahoma City recount that the driver of the rental car stated the money belonged to Ms. Mitchell's son, while Ms. Mitchell's son stated the money belonged to the driver of the car. The pleadings and affidavits of the City of Oklahoma City further recount that Ms. Mitchell initially told the City that the money belonged to her son. In the affidavit attached to her "claim of ownership," Ms. Mitchell indicated that she had given her son permission to take the money—some $6,441.00 in cash—to do Christmas shopping.

¶4 Under such circumstances, the City of Oklahoma City was justified in not releasing the money until there was compliance with section 1321, including notice to and joinder of Ms. Mitchell's son and the driver of the car, and a magistrate's determination of ownership. In view of the fact that section 1321 does not provide for recovery of attorney fees, interest, or costs, it was not error to deny Ms. Mitchell's motion for such recovery.

¶5 AFFIRMED.

STUBBLEFIELD, P.J., and RAPP, J., concur.

---

1. Although the money in question was initially seized and held as possible evidence, by the time of the claim it clearly fell under subsection B.