**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 30, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

KIRK WARREN,

      Plaintiff-Appellant/
Cross-Appellee,

v.

AMERICAN BANKERS INSURANCE
OF FLORIDA,

      Defendant-Appellee/
Cross-Appellant.

Nos. 06-1305 & 06-1440

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 04-CV-1876-RPM)**

---

Robert B. Carey (Julie B. Cliff with him on the briefs), The Carey Law Firm, Colorado Springs, Colorado, for Plaintiff-Appellant/Cross-Appellee.

Billy-George Hertzke (Arthur J. Kutzer, Senter, Goldfarb & Rice, LLC, Denver, Colorado, and Walter D. Willson, Wells, Marble & Hurst, PLLC, Jackson, Mississippi, with him on the briefs), Senter, Goldfarb & Rice, LLC, Denver, Colorado, for Defendant-Appellee/Cross-Appellant.

---

Before **KELLY**, **BALDOCK**, and **BRISCOE**, Circuit Judges.

---

**BALDOCK**, Circuit Judge.

The overriding issue before us is whether the district court, having failed to enter a separate judgment, lacked subject matter jurisdiction over Plaintiff's "motion to reconsider" its final decision, where Plaintiff filed a notice of appeal four days before filing the motion. The district court held the notice of appeal divested it of jurisdiction to reconsider its dismissal of Plaintiff's action for lack of ripeness. Our review of this legal question is de novo. See Mann v. Boatright, 477 F.3d 1140, 1145 (10th Cir. 2007). For the reasons which follow, we vacate the district court's order on Plaintiff's "motion to reconsider," which we construe as a motion to alter or amend the "judgment," and remand for further consideration consistent with this opinion.

I.

In September 2002, Plaintiff Kirk Warren was seriously injured in an automobile accident in Colorado. At the time of the accident, Plaintiff was a passenger in his brother's vehicle. Liberty Mutual Fire Insurance Company was the vehicle's insurer. In September 2004, Plaintiff filed this diversity action under 28 U.S.C. § 1332 against Defendant American Bankers Insurance Company. Plaintiff alleged his status as an insured under a "resident relative" provision of three other family members' respective insurance policies, all issued by American Bankers. Plaintiff sought, among other things, reformation of the three policies to include extended personal injury protection (PIP) and uninsured motorist coverage compliant with Colorado law. A year later, Plaintiff filed a separate diversity action against Liberty Mutual for extended PIP coverage under his brother's vehicle insurance policy. See

2

Warren v. Liberty Mut. Fire Ins. Co., No. 05-CV-1891 (D. Colo., filed Sept. 29, 2005).

While both cases were pending, the Colorado Court of Appeals decided DiCocco v. National Gen. Ins. Co., 140 P.3d 314 (Colo. App. 2006). Upon facts similar to those presented here, DiCocco upheld the dismissal of claims against an excess insurer pending resolution of claims against the primary insurer. The court held "damages claims against an excess insurer are not ripe until the plaintiff has exhausted the primary insurance coverage." Id. at 319. The state court further held "a claim for declaratory relief is not ripe unless the plaintiff can show there is a reasonable likelihood that the excess policy will be reached." Id. Citing DiCocco, American Bankers filed a motion near the eve of trial to dismiss Plaintiff's action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of ripeness. The district court granted American Bankers' motion to dismiss without prejudice based upon its view that American Bankers was an excess insurer and DiCocco was "controlling law."

The district court entered its dismissal order on June 23, 2006. The court, however, never entered its judgment on a separate document. See Fed. R. Civ. P. 58 ("Every judgment . . . must be set forth on a separate document . . . ."). On July 24, 2006 (July 23 fell on a Sunday), Plaintiff filed a notice of appeal to the Tenth Circuit. Four days later, on July 28, Plaintiff filed a "motion to reconsider" in the district court raising purported errors of law. American Bankers moved to strike the motion. According to American Bankers, Plaintiff's notice of appeal deprived the district court of jurisdiction. Plaintiff responded that the notice of appeal was simply a precautionary measure because the court had not entered a separate judgment. The district court subsequently denied Plaintiff's "motion to reconsider" for lack

3

of jurisdiction:

> No separate entry [of judgment under Rule 58] was required in this case because there was no judgment adjudicating the merits of any of the Plaintiff's claims in that this Court's order dismissed the entire civil action for lack of subject matter jurisdiction. . . . This Court could not enter a judgment in a case in which it has no jurisdiction. Accordingly, the notice of appeal was timely filed and did deprive this Court of jurisdiction to consider the motion for reconsideration.

Warren v. American Bankers Ins. Co., No. 04-CV-1876, Order at 1-2 (D. Colo., filed Sept. 19, 2006). Plaintiff filed a timely amended notice of appeal from the denial of its "motion to reconsider" on October 19, 2006.

## II.

At the outset, Plaintiff submits the district court erred when it held his first notice of appeal deprived it of jurisdiction to address the substance of his subsequently filed "motion to reconsider." According to Plaintiff, a notice of appeal filed prior to entry of a separate judgment does not "ripen" until entry of judgment or 150 days have elapsed since entry of the court's final decision. See Fed. R. App. P. 4(a)(2), (a)(7)(A)(ii). In other words, Plaintiff asserts his notice of appeal had no effect whatsoever on the district court's jurisdiction to address his motion because the court had not entered a separate judgment. Plaintiff asks us to remand this matter to the district court for a proper consideration of his motion – a motion based in part on legal arguments addressing ripeness which the district court had no opportunity to consider in the first instance.

4

A.

We first consider whether Fed. R. Civ. P. 58 required the district court to enter a separate judgment in this case. *If* the separate judgment rule, as the district court suggests, does not apply to dismissals based on want of subject matter jurisdiction, then the court was correct in holding it lacked jurisdiction to address a "motion to reconsider" filed four days after the notice of appeal and thirty-five days after the court's dismissal order. See Fed. R. App. P. 4(a)(4) (addressing the effect of a motion on a notice of appeal); United States v. Prows, 448 F.3d 1223, 1228 (10th Cir. 2006) (recognizing the general rule that a notice of appeal divests the district court of jurisdiction over substantive claims). Our analysis then necessarily begins with the requirements of Fed. R. Civ. P. 58.

Rule 58 generally provides that "[e]very judgment and amended judgment *must* be set forth on a separate document . . . ." (emphasis added). Rule 58 is a "mechanical rule" that must be "mechanically applied" to avoid uncertainties as to the date a judgment is entered. United States v. Indrelunas, 411 U.S. 216, 222 (1973), disavowed in part on other grounds, Bankers Trust Co. v. Mallis, 435 U.S. 381, 386 n.7 (1978) (per curiam). Strict application of Rule 58 eliminates any question as to when the clock for filing post judgment motions and appeals begins to tick. Orders disposing of certain enumerated motions, including post judgment motions under Fed. R. Civ. P. 59 and 60, are excepted from Rule 58's separate judgment requirement. See Fed. R. Civ. P. 58(a)(1)(A)-(E). Notably, an order dismissing an action for lack of subject matter jurisdiction is not an order expressly excepted from Rule

5

58's separate judgment requirement.[1]

We are aware of no authority, and the district court cited none, supporting the proposition that Rule 58's mandate applies only to a final decision adjudicating the merits of a controversy. Specifically, we have located no case, and the district court cited none, holding that Rule 58's separate judgment rule does not apply to a district court order dismissing a case for want of subject matter jurisdiction. At least two of our sister circuits, however, have applied the separate judgment rule where the district court dismissed the action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. See Allah v. Superior Court, 871 F.2d 887, 889-90 (9th Cir. 1989); Caperton v. Beatrice Pocahontas Coal Co., 585 F.2d 683, 687-90 (4th Cir. 1978).

Legions of district court cases are decided on procedural grounds apart from their underlying merits. Nothing in Rule 58 exempts such decisions from the dictates of the

---

[1] For purposes of appellate jurisdiction, a party – at least prior to the 2002 amendments to Rule 58(b) – could waive Rule 58's separate judgment requirement: "[I]f the only obstacle to appellate review is the failure of the district court to set forth its judgment on a separate document, there would appear to be no point in obliging appellant to undergo the formality of obtaining a formal judgment." Mallis, 435 U.S. at 386 (internal quotations omitted), called into doubt by Outlaw v. Airtech Air Conditioning and Heating, Inc., 412 F.3d 156, 162-163 (D.C. Cir. 2005) (Roberts, J.). Under Mallis, we have appellate jurisdiction per 28 U.S.C. § 1291 to consider Plaintiff's appeal despite the district court's failure to enter a separate Rule 58 judgment following entry of its dismissal order. Moreover, even assuming the 2002 amendments to Rule 58(b) supercede Mallis, we have appellate jurisdiction in this case because 150 days have elapsed since the district court entered its dismissal order. See Fed. R. App. P. 4(a)(7)(A)(ii); Outlaw, 412 F.3d at 163. Our jurisdiction encompasses the district court's denial of Plaintiff's "motion to reconsider" for lack of subject matter jurisdiction because Plaintiff filed an amended notice of appeal within thirty days after entry of the order denying the motion. See Fed. R. App. P. 4(a)(4)(B)(ii).

6

separate judgment rule. We can easily envision the inevitable confusion over application of the federal rules' various time limits for motions and appeals if we began, on a case-by-case basis, to create judicial exceptions to the separate judgment rule – exceptions not expressly provided for in Rule 58.[2] This case is a good example of that. To avoid such confusion, we strictly adhere to the Supreme Court's directive to apply Rule 58 "mechanically." See Indrelunas, 411 U.S. at 222. We conclude the district court's final decision dismissing Plaintiff's case for lack of subject matter jurisdiction, or more particularly for lack of ripeness, required entry of a separate judgment consistent with Fed. R. Civ. P. 58.

B.

Because the district court erroneously failed to enter a separate judgment following the entry of its dismissal order, our next task is to discern the true nature of Plaintiff's "motion to reconsider." For nearly twenty years, beginning with Wilson v. Al McCord Inc., 858 F.2d 1469, 1478 (10th Cir. 1988), we have admonished counsel that the Federal Rules of Civil Procedure do not recognize that creature known all too well as the "motion to reconsider" or "motion for reconsideration." Of course, a district court always has the inherent power to reconsider its interlocutory rulings, and we encourage a court to do so

---

[2] The one judicial exception to Rule 58 we have endorsed is for final orders containing neither a discussion of the court's reasoning nor any dispositive legal analysis. Such orders "can act as final judgments if they are intended as the court's final directive and are properly entered on the docket." Trotter v. University of New Mexico, 219 F.3d 1179, 1183 (10th Cir. 2000) (internal quotations omitted). In this case, the district court's dismissal order contains both a discussion of its reasoning and a dispositive legal analysis, and thus cannot serve as a final judgment.

where error is apparent.  See K.C.1986 Ltd. P'ship v. Reade Mfg., 472 F.3d 1009, 1017 (8th

Cir. 2007).  But a motion asking a court to reconsider a final decision, upon which final

judgment has been or should have been entered, generally arises in only one of two ways:

(1) under Fed. R. Civ. P. 59 as a motion for a new trial or to alter or amend the judgment, if

filed before or within ten days following entry of the judgment, or (2) under Fed. R. Civ. P.

60 as a motion for relief from judgment, if filed subsequent to the ten day period.  See Price

v. Philpot, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005).[3]

In this case, confusion ensued because the district court failed to enter a separate

judgment following entry of its dismissal order.  Perhaps Plaintiff's best course would have

been to ask the district court pursuant to Fed. R. Civ. P. 58(d) to enter a separate judgment.

Instead, Plaintiff chose to file a notice of appeal and, subsequently, a "motion to reconsider."

Fortunately, this is not the first time we have encountered a scenario where a plaintiff filed

a "motion to reconsider" a district court's final decision absent entry of a separate Rule 58

judgment.  In Hilst v. Bowen, 874 F.2d 725 (10th Cir. 1989) (per curiam), the district court

granted defendant's motion to dismiss for lack of subject matter jurisdiction.  Fourteen days

later, plaintiff filed a "motion for reconsideration."  Six days thereafter, the court entered a

separate judgment pursuant to Rule 58 (an entry that we did not question).  We construed

---

[3]  In Jennings v. Rivers, 394 F.3d 850, 854-56 (10th Cir. 2005), we recognized that a "motion to reconsider" filed prior to or within ten days of entry of judgment may on occasion be construed as one arising under Rule 60.  Because the grounds for Rule 59 and 60 motions differ, district courts must "evaluate post-judgment motions filed within ten days of judgment based on the reasons expressed by the movant, not the timing of the motion."  Id. at 855.

plaintiff's motion as one to alter or amend the "judgment" under Fed. R. Civ. P. 59(e). We reasoned that "[a]lthough Rule 59 motions are to be served not later than ten days after entry of judgment, . . . this ten-day limit sets only a maximum period and does not preclude a party from making a Rule 59 motion before formal judgment has been entered." Id. at 726. Similarly, in this case Plaintiff filed his "motion to reconsider," raising purported errors of law normally raised in a Rule 59(e) motion, before entry of a separate Rule 58 judgment. Applying Hilst, we too construe such motion as a timely filed motion to alter or amend the "judgment" under Rule 59(e).

C.

Our final task is to determine what effect, if any, Plaintiff's previously filed notice of appeal had on the district court's jurisdiction to address his Rule 59(e) motion. First, Fed. R. App. P. 4(a)(1) generally provides that a notice of appeal must be filed with the district clerk within 30 days after entry of the judgment. Second, Fed. R. App. P. 4(a)(2) provides "[a] notice of appeal filed after the court announces a decision . . . but before the entry of judgment . . . is treated as filed on the date of and after the entry." See First Tier Mtg. Co. v. Investors Mtg. Ins. Co., 498 U.S. 269, 276 (1991). If, as here, the district court never enters a separate Rule 58 judgment, then judgment is deemed entered 150 days after entry of the court's final decision or order. See Fed. R. App. P. 4(a)(7)(A)(ii); Outlaw v. Airtech Air Conditioning and Heating, Inc., 412 F.3d 156, 162-63 (D.C. Cir. 2005) (Roberts, J.).

Third, Fed. R. App. P. 4(a)(4)(A) provides, among other things, that if a party timely files a Rule 59(e) motion, the time to file an appeal runs from the date the court enters the

9

order disposing of the motion. The Advisory Committee Notes to Rule 4(a)(4)'s 1993 amendments specifically address the situation before us: "A notice [of appeal] filed before the filing of one of the specified motions [including a Rule 59(e) motion] . . . is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals." See Ross v. Marshall, 426 F.3d 745, 751-52 (5th Cir. 2005) (the timely filing of a motion listed in Rule 4(a)(4)(A) suspends a notice of appeal until the motion is disposed of, regardless of whether the motion is filed before or after the notice of appeal); United States v. Silvers, 90 F.3d 95, 98 (4th Cir. 1996) (the timely filing of a notice of appeal, followed by the timely filing of a Rule 59 motion, tolls the notice of appeal and does not confer jurisdiction on the court of appeals until the district court enters an order disposing of the motion). This makes perfect sense because the purpose of Rule 59 is to provide the district court an opportunity to correct its own errors, which in turn spares the parties and the court of appeals the burden of unnecessary appellate proceedings. See Petru v. City of Berwyn, 872 F.2d 1359, 1361 (7th Cir. 1989).

III.

In sum, Plaintiff's notice of appeal had no effect on the district court's jurisdiction to address his "motion to reconsider" because the district court never entered a separate judgment and 150 days had not elapsed since entry of the court's dismissal order. See Fed. R. App. P. 4(a)(7)(A)(ii). Plaintiff timely filed his "motion to reconsider," or more appropriately his Rule 59(e) motion, albeit thirty-five days after the court entered its dismissal order. See Hilst, 874 F.2d at 726. In hindsight, the district court should have

10

entered a separate Rule 58 judgment promptly after it entered its order dismissing Plaintiff's action. Because the court failed to do so, a procedural quagmire arose. Awaiting entry of judgment, Plaintiff filed a premature notice of appeal and then a "motion to reconsider." Plaintiff's premature notice of appeal was further suspended when Plaintiff filed his "motion to reconsider." Because Plaintiff's notice of appeal was suspended, the district court retained jurisdiction to rule upon the merits of Plaintiff's "motion to reconsider." See Ross, 426 F.3d at 751-52; Silvers, 90 F.3d at 98.

Accordingly, the district court's order denying Plaintiff's "motion to reconsider" is hereby vacated. This cause is remanded for consideration of that motion consistent with the foregoing opinion. On remand, the district court, in considering the continuing viability of its dismissal order and the issue of whether Plaintiff's action is ripe for adjudication, should first inquire into the present status of Plaintiff's district court action against Liberty Mutual Fire Insurance Company. Resolution of that action could render moot the seminal question of whether Plaintiff's action against American Bankers is ripe. If Plaintiff's action against Liberty Mutual remains unresolved, the court should address the arguments raised in Plaintiff's "motion to reconsider." Because American Bankers' motion for attorney fees and costs, the subject of cross-appeal 06-1440, is dependent on the continuing viability of the court's underlying dismissal order, we also vacate the order of the district court denying said motion.

VACATED and REMANDED.