**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 1, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SHARON J. HOPKINS;
MARK HOPKINS,

Plaintiffs-Appellants,

v.

INTERNAL REVENUE SERVICE;
ACCU-RITE TAX SERVICE, INC.;
JENNIFER HAND, in her official
capacity; CAPITAL ONE BANK,
a/k/a Capital One Services, Inc.; J.P.
MORGAN BANK, N.A., a/k/a J.P.
Morgan Chase & Co.; INTEGRATED
TAX SOLUTIONS,

Defendants-Appellees.

No. 08-2127
(D.C. No. 1:07-CV-00262-JCH-KBM)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **MURPHY**, and **GORSUCH**, Circuit Judges.

Plaintiffs-Appellants Sharon J. Hopkins and Mark Hopkins appeal from a

final judgment of the district court (1) denying their petition to quash summonses

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

issued by the Internal Revenue Service to various third-party record keepers; (2) dismissing their claims for relief against the record keepers; and (3) ordering that the summons issued to defendant Accu-Rite Tax Service, Inc., be enforced. We affirm the challenged judgment of the district court.

## JURISDICTION

At the outset we must determine the scope of this appeal. The district court entered its Memorandum Opinion and Order on March 28, 2008. R. at 344. Three days later, on March 31, it entered the final judgment from which plaintiffs have appealed. *Id.* at 356. Ten days later, on April 10, 2008, plaintiffs filed a timely "Motion for Reconsideration," purportedly relying on Fed. R. Civ. P. 52(b).[1] *Id.* at 357.[2] But on May 30, 2008, before the district court ruled on this motion, they filed their notice of appeal from the underlying judgment. *Id.* at 449. The district court then entered a second Memorandum Opinion and Order, on August 14, 2008, denying the Motion for Reconsideration. *Id.* at 452.

---

[1] The federal rules do not recognize a "motion for reconsideration." *See Warren v. Am. Bankers Ins. of Fl.*, 507 F.3d 1239, 1243 (10th Cir. 2007). Ordinarily, a motion asking a court to reconsider a final judgment is brought under either Fed. R. Civ. P. 59 or 60. *See id.* But Rule 52(b) may be used to ask the court to amend the judgment or to make additional factual findings, and when it is so used, it extends the time for filing a notice of appeal. Fed. R. App. P. 4(a)(4)(A)(ii).

[2] On April 14, 2008, plaintiffs also filed a pleading entitled "Move [sic] for Fair and Impartial Rulings, Hearings, and/or Trial Not Steeped in Judicial Activism." R. at 400. This pleading, which did not extend the time period for filing their notice of appeal, is not part of our jurisdictional analysis.

Plaintiffs did not file an amended notice of appeal from the denial of their 52(b) motion.

The consequences for this appeal are as follows. First, plaintiffs' notice of appeal was premature, for they filed it while their Rule 52(b) motion was still pending before the district court. *Cf. Breeden v. Air Freight Sys., Inc.*, 115 F.3d 749, 752 (10th Cir. 1997) (analyzing effect of notice of appeal filed while Rule 59(e) motion still pending). Second, the premature notice of appeal ripened once the district court ruled on the Rule 52(b) motion. *See id.*; Fed. R. App. P. 4(a)(4)(B)(i). Finally, plaintiffs' failure to amend their notice of appeal once the district court ruled on their motion means that we lack jurisdiction to review the district court's rulings on that motion. *Breeden*, 115 F.3d at 752. We may therefore review only those rulings made in the district court's underlying order.[3]

## STANDARD OF REVIEW

A court of appeals reviews the district court's refusal to quash an IRS summons for an abuse of discretion. *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1415 (9th Cir. 1993). The decision to enforce an IRS summons will be reversed only for clear error. *United States v. Saunders*, 951 F.2d 1065, 1066 (9th Cir. 1991); *United States v. Coopers & Lybrand*, 550 F.2d 615, 620 (10th Cir. 1977).

---

[3]    It does not appear that plaintiffs have raised any issues on appeal that were presented solely in their motion for reconsideration. Consequently, their failure to file an amended notice of appeal likely has not prejudiced them.

"This court reviews de novo the district court's grant of a motion to dismiss pursuant to Rule 12(b)(6), applying the same legal standard applicable in the district court." *Christensen v. Park City Mun. Corp.*, 554 F.3d 1271, 1275 (10th Cir. 2009) (quotation omitted). Dismissal for lack of subject matter jurisdiction is also reviewed de novo. *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 952 (2009).

## ANALYSIS

On appeal, plaintiffs raise the following issues: (1) whether the IRS and/or defendant Jennifer Hand followed the procedural steps required by the tax code in connection with authorization and issuance of the summonses; (2) whether the summonses were improperly issued and/or litigated while a criminal referral to the Department of Justice was in effect; (3) whether the defendant banks released documents in violation of plaintiffs' right to financial privacy; and (4) whether the district court properly dismissed plaintiffs' claims against some of the defendants for lack of subject matter jurisdiction.

Having carefully reviewed the parties' appellate briefs, the record, and the applicable law in light of the above-cited review standards, this court finds no merit to the issues raised by the plaintiffs. We therefore AFFIRM the challenged

judgment of the district court, for substantially the reasons stated in its

Memorandum Opinion and Order of March 28, 2008.

Entered for the Court


Michael R. Murphy
Circuit Judge