**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BRADLEY GELDER; BOBBY BOWICK;
HENRY HOLMES; JESSICA DIKET,
individually and on behalf of those
similarly situated; SHARON COUGHLIN,
individually, and on behalf of all others
similarly situated; SANDRA PREZGAY;
RON STROBO; BARKSDALE
HORTENSTINE; TONI BECNEL; JOHN
JOSEPH BRADY; ROBERT M.
BECNEL; ERNEST JOHNSON; TREVOR
HAYNES; GARRETT W. WOTKYNS;
BRITTNI COTTLE-BANKS, an individual
on behalf of herself and of all others
similarly situated,

        Petitioners,

v.

COXCOM INC.; COX
COMMUNICATIONS, INC.; COX
COMMUNICATIONS NEW ORLEANS,
INC.; COX COMMUNICATIONS
LOUISIANA LLC; COX NEVADA
TELECOM LLC; COX
COMMUNICATIONS LAS VEGAS,
INC.; COX COMMUNICATIONS
HOLDINGS, INC.; COX
COMMUNICATIONS EBD HOLDINGS,
INC.; COX COMMUNICATIONS NCC
INC.; COX COMMUNICATIONS GULF
COAST LLC; COX NEVADA TELECOM
LLC; ELIZABETH ANN BRADY; DOES,
1 through 100, exclusive,

        Respondents.

No. 12-706
(D.C. No. 5:09-ML-02048-C)

———————————————————

**ORDER**

———————————————————

Before **LUCERO**, **HARTZ**, and **O'BRIEN**, Circuit Judges.

———————————————————

This matter is before the court to consider the plaintiffs' petition for permission to appeal the district court's denial of their request for class certification filed pursuant to Fed. R. Civ. P. 23(f) and Fed. R. App. P. 5. The petition is denied.[1]

**I**

The plaintiffs filed this action against Cox Enterprises, Inc., on behalf of themselves as well as a putative class consisting of all persons in the United States who subscribe to Cox for so-called premium cable and who paid Cox a monthly rental fee for the accompanying set-up box. In order to receive full access to Cox's premium cable services the plaintiffs had to rent the set-up box from Cox. The plaintiffs alleged that this constituted an illegal tie-in in violation of the Sherman Act, 15 U.S.C. § 1.

---

[1]Under Fed. R. App. P. 5(b)(3), "[t]he petition and answer will be submitted without oral argument unless the court of appeals orders otherwise." Because oral argument would not materially assist the determination of the appeal, we decide this matter without oral argument.

Multiple class actions were originally filed in 2009 in various jurisdictions against Cox on these same grounds. At Cox's request, the United States Judicial Panel on Multidistrict Litigation consolidated the cases and transferred them to the Western District of Oklahoma for resolution.

In 2011 the district court denied the plaintiffs' motion for class certification. The court determined that the plaintiffs satisfied the numerosity (numbering more than 3 million), commonality, typicality, and adequacy of representation requirements of Fed. R. Civ. P. 23(a). The court, however, concluded that the determination of Cox's market power was not amenable to proof on a classwide basis. The court also concluded that there was a lack of common evidence regarding the plaintiffs' proffered methods of determining injury.

The court entered its order on December 28, 2011. The plaintiffs filed a motion for reconsideration on January 6, 2012, which was denied on March 28, 2012. This petition for permission was filed on April 11, 2012.

## II

Fed. R. Civ. P. 23(f) provides that a "court of appeals may permit an appeal from an order granting or denying class-action certification under this rule if a petition for permission to appeal is filed with the circuit clerk within 14 days after the order is entered."

Cox argues that the plaintiffs' petition for permission is untimely. It contends that, although the petition was filed within 14 days after the district court entered its order denying the motion for reconsideration, the petition is late because the motion for reconsideration merely "tolled" the time to file the petition. It contends that because the motion for reconsideration was filed 9 days after the order was entered, the plaintiffs had only 5 days remaining in which to file their petition with this court and because the petition was filed more than 5 days later, the petition is untimely. It relies on this court's opinion in *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1192 (10th Cir. 2006), in which this court stated that it assumed, without deciding, that a motion to reconsider filed within the time to appeal would *toll* the time limit in Rule 23(f).

The statement in *Carpenter*, however, was not even dictum, and therefore precise language was not essential. The precise statement of the effect of a motion to reconsider can be found in *United States v. Iberra*, 502 U.S. 1, which held that when a timely motion for reconsideration is filed, the time to appeal begins anew. It explained:

> We believe the issue is better described as whether the [time to appeal] began to run on the date of the first order or on the date of the order denying the motion for reconsideration, rather than as a matter of tolling. Principles of equitable tolling usually dictate that when a time bar has been suspended and then begins to run again upon a later event, the time remaining on the clock is calculated by subtracting from the full limitations period whatever time ran before the clock was stopped. . . . However, we previously made clear that would-be appellants are entitled to the full 30 days after a motion to reconsider has been decided. *United States v. Dieter*, 429 U.S. 6, 7-8 (1976) (*per curiam*) ('[T]he 30-day limitation period

4

> runs from the denial of a timely petition ... rather than from the date of the order itself.').

*Id.* at 4 n.2.

Thus, the plaintiffs had 14 days from the date the district court denied the motion for reconsideration to file their petition in this court. Because the petition was filed within that time, it was timely.

The concurrence would consider the notice of appeal timely by construing the Motion to Reconsider as one brought under Fed. R. Civ. P. 60, so that Fed. R. App.P. 4(a)(4)(B)(ii) delayed the time for appeal until the motion was decided. But Rule 60(b) is limited to relief from "a final judgment, order, or proceeding." As the advisory committee note to the 1946 Amendment to Rule 60 states: "The addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule…."  In any event, the application of Rule 60(b) is irrelevant.  As observed by the Seventh Circuit: "[F]ederal courts long have held that a motion for reconsideration tolls the time for appeal, provided that the motion is made within the time for appeal.  The practice is independent of [Appellate] Rule 4(a)(4), or any other rule." *Blair v. Equifax Check Services, Inc.*, 181 F.3d 832, 837 (7th Cir. 1999) (citations omitted).

## III

The decision whether to grant the petition is purely discretionary. *See* Fed. R. Civ. P. 23(f); *Vallario v. Vandehey*, 554 F.3d 1259, 1262 (10th Cir. 2009) (this discretion is "'unfettered and akin to the discretion exercised by the Supreme Court in acting on a petition for certiorari.'") (quoting Fed. R. Civ. P. 23(f) advisory committee's note). "[C]ourts of appeals have remained ever mindful that interlocutory appeals are traditionally disfavored . . . ." *Id.* "[T]he grant of a petition for interlocutory review constitutes the exception rather than the rule." *Id.* (citations and quotations omitted). "We will exercise restraint in accepting Rule 23(f) petitions and will not accept such petitions as a matter of course." *Id.* (citations and quotations omitted).

Upon a careful review of the materials filed with this court and the applicable law, we conclude that this matter is not appropriate for immediate review. None of the concerns noted by this court in *Vallario* to justify an interlocutory appeal is present here. *See id.* at 1263-64.

Accordingly, the petition is **DENIED**.

Entered for the Court

PER CURAIM

12-706, Gelder v Coxcom Inc.

**O'BRIEN**, J. concurring in part and concurring in the result.

I concur in parts I and III of the Court's opinion and concur in the result. I cannot join part II because it suggests a "Motion to Reconsider," that cannot be construed to be one of the motions mentioned in Appellate Rule 4(a)(4)(A), might, nevertheless, extend the time for filing a notice of appeal. There is no need for such speculation.

Rule 5 of the Federal Rules of Appellate Procedure provides in relevant part:

> (a) Petition for Permission to Appeal.
>
> > (1) To request permission to appeal when an appeal is within the court of appeals' discretion, a party must file a petition for permission to appeal. The petition must be filed with the circuit clerk with proof of service on all other parties to the district-court action.
> > (2) The petition must be filed within the time specified by the statute or rule authorizing the appeal or, if no such time is specified, within the time provided by Rule 4(a) for filing a notice of appeal.
>
> Fed. R. App. P. 5(a)(1) and (2).

Civil Rule 23(f) reads as follows: "A court of appeals may permit an appeal from an order granting or denying class-action certification under this rule if a petition for permission to appeal is filed with the circuit clerk within 14 days after the order is entered. An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders." Fed. R. Civ. P. 23(f).

Appellate Rule 4(a) specifies in exquisite detail the kinds of motions that extend the time for filing a notice of appeal. In relevant part, it provides:

(4) Effect of a Motion on a Notice of Appeal.

(A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

(i) for judgment under Rule 50(b);

(ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

(iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

(iv) to alter or amend the judgment under Rule 59;

(v) for a new trial under Rule 59; or

(vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

(B)(i) If a party files a notice of appeal after the court announces or enters a judgment--but before it disposes of any motion listed in Rule 4(a)(4)(A)--the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

(ii) A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal--in compliance with Rule 3(c)--within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.

2

(iii) No additional fee is required to file an amended notice.

Fed. R. App. P. 4(a)(4).


Nowhere in Rule 4 does the term "motion for reconsideration" appear. In fact, the term is nowhere mentioned or even recognized in the Federal Rules of Appellate Procedure or the Federal Rules of Civil Procedure. We noted that omission in *Hatfield v. Bd. of Cnty. Comm'rs for Converse Cnty.*, 52 F.3d 858, 861 (10th Cir. 1995).[1] Our *Hatfield* decision charted the path for dealing with such motions. It requires us to look past the title of the motion to its substance. If the substance of the motion can reasonably be construed to identify it as one of the motions mentioned in Appellate Rule 4(a)(4)(A), we will treat it as such and the time for filing the notice of appeal is extended; otherwise not.

In this case we can easily construe plaintiff's Motion to Reconsider as one brought under Fed. R. Civ. P. 60; it expressly refers to and relies upon Rule 60 as the basis for reconsideration. So construed, the appeal time runs from the filing of the order disposing of it. Fed. R. App. P. 4(a)(4)(B)(ii). That resolves this matter. Nothing need be said about non-qualifying motions.

According to the majority,

---

[1] *See also Warren v. Am. Bankers Ins. of Florida*, 507 F.3d 1239, 1243 (10th Cir. 2007) ("For nearly twenty years. . .we have admonished counsel that the Federal Rules of Civil Procedure do not recognize that creature known all too well as the 'motion to reconsider' or 'motion for reconsideration.'") We are not alone. *See, e.g.*, *Auto Serv. Co., Inc. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008); *Hope v. United States*, 43 F.3d 1140, 1142 n. 2 (7th Cir. 1994).

> [R]ule 60(b) is limited to relief from "a final judgment, order, or proceeding." As the advisory committee note to the 1946 Amendment to Rule 60 states: "The addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule…."

Majority Opinion at 5.

The order denying class certification may not have been final, but that does not mean Rule 60 is inapplicable. Civil Rule 23(f), adopted in 1998, is an exception to the general finality rule. In authorizing an appeal from the granting or denial of class action certification, it necessarily recognizes that orders granting or denying class certification are not final, but it treats them as final for appeal purposes. In like manner, Appellate Rule 5, adopted in 1965, recognizes that some permitted appeals are from non-final orders; it, too, treats them as final and sets the time for appeal as dictated in the "statute or rule" (Civil Rule 23 in this case) or as provided in Appellate Rule 4. While Rule 23 sets the appeal time at 14 days, neither it nor Appellate Rule 5, speak to motions which might extend the time for filing a notice of appeal. There is no need to do so because Rule 5 specifically refers to Rule 4. That reference would seem to make Rule 4 the place to look for such exceptions, as it specifically deals with them; it makes no mention of a "Motion to Reconsider."

I am not convinced that the Seventh Circuit's opinion in *Blair v. Equifax Check Services, Inc.*, 181 F.3d 832, 837 (7th Cir. 1999) gives license to this panel to ignore Tenth Circuit cases discouraging the promiscuous use of undifferentiated motions to reconsider. Restricting time extensions triggered by nominal motions to reconsider to

4

those which are, in fact, motions identified in Appellate Rule 4, as we have historically done, maintains the spirit of the rules and discourages lazy practice or misuse.