O’BRIEN, Circuit Judge, concurring in
part and concurring in the result.
I concur in parts I and III of the Court’s opinion and concur in the result. I cannot join part II because it suggests a “Motion to Reconsider,” that cannot be construed to be one of the motions mentioned in Appellate Rule 4(a)(4)(A), might, nevertheless, extend the time for filing a notice of *970 appeal. There is no need for such speculation.
Rule 5 of the Federal Rules of Appellate Procedure provides in relevant part:
(a) Petition for Permission to Appeal.
(1) To request permission to appeal when an appeal is within the court of appeals’ discretion, a party must file a petition for permission to appeal. The petition must be filed with the circuit clerk with proof of service on all other parties to the district-court action.
(2) The petition must be filed within the time specified by the statute or rule authorizing the appeal or, if no such time is specified, within the time provided by Rule 4(a) for filing a notice of appeal.
Fed. R.App. P. 5(a)(1) and (2).
Civil Rule 23(f) reads as follows: “A court of appeals may permit an appeal from an order granting or denying class-action certification under this rule if a petition for permission to appeal is filed with the circuit clerk within 14 days after the order is entered. An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders.” Fed.R.Civ.P. 23(f).
Appellate Rule 4(a) specifies in exquisite detail the kinds of motions that extend the time for filing a notice of appeal. In relevant part, it provides:
(4) Effect of a Motion on a Notice of Appeal.
(A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
(i)for judgment under Rule 50(b);
(ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;
(iii) for attorney’s fees under Rule 54 if the district court extends the time to appeal under Rule 58;
(iv) to alter or amend the judgment under Rule 59;
(v) for a new trial under Rule 59; or
(vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.
(B)(i) If a party files a notice of appeal after the court announces or enters a judgment — but before it disposes of any motion listed in Rule 4(a)(4)(A) — the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.
(ii) A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment’s alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal — in compliance with Rule 3(c) — within the time prescribed by' this Rule measured from the entry of the order disposing of the last such remaining motion.
(iii) No additional fee is required to file an amended notice.
Fed. R.App. P. 4(a)(4).
Nowhere in Rule 4 does the term “motion for reconsideration” appear. In fact, the term is nowhere mentioned or even recognized in the Federal Rules of Appellate Procedure or the Federal Rules of Civil Procedure. We noted that omission in Hatfield v. Bd. of Cnty. Comm’rs for Converse Cnty., 52 F.3d 858, 861 (10th *971 Cir.1995).[1] Our Hatfield decision charted the path for dealing with such motions. It requires us to look past the title of the motion to its substance. If the substance of the motion can reasonably be construed to identify it as one of the motions mentioned in Appellate Rule 4(a)(4)(A), we will treat it as such and the time for filing the notice of appeal is extended; otherwise not.
In this case we can easily construe plaintiffs Motion to Reconsider as one brought under Fed.R.Civ.P. 60; it expressly refers to and relies upon Rule 60 as the basis for reconsideration. So construed, the appeal time runs from the filing of the order disposing of it. Fed. R.App. P. 4(a)(4)(B)(ii). That resolves this matter. Nothing need be said about non-qualifying motions.
According to the majority,
[R]ule 60(b) is limited to relief from “a final judgment, order, or proceeding.” As the advisory committee note to the 1946 Amendment to Rule 60 states: “The addition of the qualifying word ‘final’ emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule....”
Majority Opinion at 5.
The order denying class certification may not have been final, but that does not mean Rule 60 is inapplicable. Civil Rule 23(f), adopted in 1998, is an exception to the general finality rule. In authorizing an appeal from the granting or denial of class action certification, it necessarily recognizes that orders granting or denying class certification are not final, but it treats them as final for appeal purposes. In like manner, Appellate Rule 5, adopted in 1965, recognizes that some permitted appeals are from non-final orders; it, too, treats them as final and sets the time for appeal as dictated in the “statute or rule” (Civil Rule 23 in this case) or as provided in Appellate Rule 4. While Rule 23 sets the appeal time at 14 days, neither it nor Appellate Rule 5, speak to motions which might extend the time for filing a notice of appeal. There is no need to do so because Rule 5 specifically refers to Rule 4. That reference would seem to make Rule 4 the place to look for such exceptions, as it specifically deals with them; it makes no mention of a “Motion to Reconsider.”
I am not convinced that the Seventh Circuit’s opinion in Blair v. Equifax Check Services, Inc., 181 F.3d 832, 837 (7th Cir.1999) gives license to this panel to ignore Tenth Circuit cases discouraging the promiscuous use of undifferentiated motions to reconsider. Restricting time extensions triggered by nominal motions to reconsider to those which are, in fact, motions identified in Appellate Rule 4, as we have historically done, maintains the spirit of the rules and discourages lazy practice or misuse.

. See also Warren v. Am. Bankers Ins. of Florida, 507 F.3d 1239, 1243 (10th Cir.2007) (“For nearly twenty years ... we have admonished counsel that the Federal Rules of Civil Procedure do not recognize that creature known all too well as the 'motion to reconsider’ or 'motion for reconsideration.' ”) We are not alone. See, e.g., Auto Serv. Co., Inc. v. KPMG, LLP, 537 F.3d 853, 855 (8th Cir.2008); Hope v. United States, 43 F.3d 1140, 1142 n. 2 (7th Cir.1994).