FILED
United States Court of Appeals
Tenth Circuit

August 27, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOCK SHANE DECEMBER,

     Plaintiff–Appellant,

v.

UTAH DEPARTMENT OF
CORRECTIONS; FNU GARDENER;
FNU BURNHAM,

     Defendants–Appellees.

No. 13-4081
(D.C. No. 2:13-CV-00094-DAK)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

     Jock December, a Utah prisoner proceeding pro se, appeals the dismissal of his 42

U.S.C. § 1983 suit.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

     [*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal.  See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

According to December's § 1983 complaint, he injured his neck while in prison. Beginning in April 2011, December filed a series of grievances through the Utah Department of Corrections administrative review process, alleging that a staff doctor had refused to let him see a specialist, incorrectly diagnosed December's condition, and replaced December's prescription for pain medication with an ineffective prescription for sleeping medication. After exhausting prison grievance procedures, December filed suit in federal court, alleging that prison officials were deliberately indifferent to his neck injury in violation of his constitutional right to be free from cruel and unusual punishment.

The district court granted December's motion for leave to proceed in forma pauperis ("IFP") in a February 7, 2013 order, but noted that under 28 U.S.C. § 1915(b)(1), December must pay "an initial partial filing fee of 20 percent of the greater of – (A) the average monthly deposits to [his inmate] account; or (B) the average monthly balance in [his inmate] account for the 6-month period immediately preceding the filing of the complaint." Id. Under this formula, the district court ordered December to pay an initial partial filing fee of one dollar or "show[] he has no way to pay it" within thirty days. It also ordered December to grant consent for automatic deductions of the balance of the filing fee from his inmate account. On April 15, 2013, after determining that December had not complied with the IFP order, the district court dismissed his complaint

without prejudice.  December timely appealed.

## II

On appeal, December claims the district court erred in dismissing his case for failure to comply with the IFP order.  A district court may sua sponte dismiss an action for "fail[ure] . . . to comply with . . . a court order."  Fed. R. Civ. P. 41(b); see Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).  We review a district court's dismissal for failure to comply with a court order for abuse of discretion.  See Cosby v. Meadors, 351 F.3d 1324, 1326 (10th Cir. 2003).  Although a district court must consider certain criteria before dismissing an action with prejudice, "[e]mploying Rule 41(b) to dismiss a case without prejudice . . . allows the plaintiff another go [at the case]; accordingly, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."  Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1162 (10th Cir. 2007).

The district court gave December an adequate opportunity to comply with its IFP order by allowing him thirty days to either pay the one dollar fee or show cause why he could not do so.  It specifically warned December that "the complaint will be dismissed" if he failed to comply.  On April 15, 2013—well past the thirty-day deadline—the district court dismissed December's complaint without prejudice because he had not complied with the order.

In a letter filed after the order of dismissal, December claimed that he had sent the

-3-

district court statements from his inmate account showing a balance of less than one dollar, but that they were returned for failure to include his case number. However, this letter was filed more than sixty days after the district court's February 7 order, and December does not explain why he failed to notify the court of any difficulties within the thirty-day deadline. December also notes that he submitted a one dollar partial filing fee to the district court on June 3, 2013, almost two months after his suit's dismissal and after he filed a notice of appeal. But the district court had already been divested of jurisdiction at that point. See Warren v. Am. Bankers Ins. of Fla., 507 F.3d 1239, 1242 (10th Cir. 2007) (district court generally loses jurisdiction when notice of appeal is filed). We conclude that the district court did not abuse its discretion in dismissing December's claim without prejudice.

December also claims that the district court should have appointed him counsel. We review a district court's order denying the appointment of counsel in a civil case under the deferential abuse of discretion standard. See Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004). We will reverse a district court's decision only if "the lack of counsel results in fundamental unfairness." Id. (quotation omitted). December notes that he proceeds pro se and has no legal training, but these general statements are insufficient to establish that this is one of the "extreme cases" warranting reversal based on the district court's decision not to appoint counsel. Id. (quotation omitted).

## III

For the foregoing reasons, the district court's dismissal without prejudice is

**AFFIRMED**.  December's motion to proceed in forma pauperis is **GRANTED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge