**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 8, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LARRY BENGE,

     Plaintiff - Appellant,

v.

CITY OF TULSA ex rel. TULSA POLICE
DEPARTMENT; STATE OF
OKLAHOMA ex rel. TULSA COUNTY
DISTRICT ATTORNEY; LARRY G.
MARK; ADAM J. JAMES; LINDA L.
HANNA,

     Defendants - Appellees.

No. 16-5108
(D.C. No. 4:15-CV-00714-GKF-FHM)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BALDOCK** and **LUCERO**, Circuit Judges.
_____

Larry Benge appeals the district court's dismissal of his 42 U.S.C. § 1983

claim and denial of leave to amend. We lack jurisdiction to review the district

court's order denying leave to amend. Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm the district court's order of dismissal.

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

In April 2013, Benge purchased numerous pieces of artwork from a pawn shop. Approximately one year later, he attempted to sell some of those items to Linda Greever, owner of a business known as the Art Market. Greever recognized the artwork as her own and claimed that it had been stolen from her store by a former employee, Jerry Watashe. She notified law enforcement.

Tulsa Police Department ("TPD") personnel demanded Benge turn the artwork over to them. A detective stated that the items would be stored in the TPD property room until a property hearing could be held. After submitting the items to TPD, Benge was informed that because the property room did not have adequate space or materials to store the artwork, it would be stored at the Art Market "pending the outcome of the property hearing." He was further advised that "[o]wnership has not been determined by a judge at this point." In January 2015, the Tulsa County District Attorney ("TCDA") filed charges against Watashe.[1]

Benge filed suit in state court against the City of Tulsa ex rel. TPD, the State of Oklahoma ex rel. TCDA, and three individual defendants in October 2015. He advanced a single claim under § 1983, alleging that defendants' confiscation of the artwork and subsequent delivery to Greever violated his right to due process. TCDA removed to federal court. All defendants moved to dismiss. The district court

---

[1] Defendants ask us to take judicial notice that a property hearing was held and that the state court, after conducting an evidentiary hearing, determined that Greever was the owner of the artwork. Because that fact is immaterial to our disposition, we decline to do so.

granted the motions in an order entered June 30, 2016, concluding Benge had not yet been finally deprived of the artwork.

Just after the district court granted the defendants' motions to dismiss, Benge filed a motion to amend his complaint. Later that same day, the district court entered judgment. Benge filed a timely notice of appeal on July 7, 2016. The district court subsequently denied Benge's motion to amend, concluding that it lacked authority to consider the motion because Benge had already appealed.

## II

Before addressing the merits of Benge's appeal, we consider our jurisdiction to do so. See Adams v. Reliance Standard Life Ins. Co., 225 F.3d 1179, 1182 (10th Cir. 2000) ("In light of the limited subject matter jurisdiction granted to the federal courts by Congress, we have a duty to satisfy ourselves that jurisdiction is appropriate."). Regardless of its caption, a motion to amend "that questions the correctness of the judgment" is treated as a Fed. R. Civ. P. 59(e) motion, if timely under that rule, for purposes of Fed. R. App. P. 4. Trotter v. Regents of Univ. of N.M., 219 F.3d 1179, 1183 (10th Cir. 2000). And "[a]lthough Rule 59 motions are to be served not later than ten days after entry of judgment, . . . this ten-day limit sets only a maximum period and does not preclude a party from making a Rule 59 motion before formal judgment has been entered." Hilst v. Bowen, 874 F.2d 725, 726 (10th Cir. 1989) (per curiam); see also Trotter, 219 F.3d at 1183 (construing motion to amend filed after dismissal order entered but before entry of judgment as Rule 59(e) motion).

3

Accordingly, we treat Benge's motion to amend as a Rule 59(e) motion for purposes of Rule 4.

Although Benge filed a notice of appeal before the district court ruled on his motion to amend, we nevertheless possess appellate jurisdiction over the district court's dismissal order. "If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A) [which includes a Rule 59(e) motion]—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(B)(i). Accordingly, Benge's notice of appeal became effective as to the dismissal order when the district court disposed of his motion to amend. This is so even though the district court did not address the merits of Benge's motion. See De Leon v. Marcos, 659 F.3d 1276, 1282 (10th Cir. 2011) (concluding district court "disposed of [a] Rule 59 motion" and thus "the notice of appeal ripened" when the district court entered an "order acknowledging the withdrawal of the Rule 59 motion").

However, we lack jurisdiction to consider the district court's denial of Benge's motion to amend. "A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A) . . . must file a notice of appeal, or an amended notice of appeal—in compliance with Rule 3(c)—within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion." Fed. R. App. P. 4(a)(4)(B)(ii). Benge did not file a notice of appeal or an amended notice of appeal following the district court's order denying his motion. Compare

4

Coll v. First Am. Title Ins. Co., 642 F.3d 876, 885 (10th Cir. 2011) (concluding that upon disposition of a motion to amend the notice of appeal ripened to permit review of the dismissal order, but this court lacked jurisdiction over the denial of the post-dismissal motion to amend because a second notice of appeal was not properly filed), with Warren v. Am. Bankers Ins. of Fla., 507 F.3d 1239, 1242, 1245 (10th Cir. 2007) (reversing district court ruling that it lacked authority to rule on a Rule 59(e) motion following notice of appeal, where appellant filed a timely amended notice of appeal to challenge denial of motion). We thus cannot consider Benge's arguments related to the district court's denial of leave to amend. Coll, 642 F.3d at 886 ("A timely notice of appeal is both mandatory and jurisdictional." (quotation omitted)).[2]

## III

We review a Rule 12(b)(6) dismissal de novo, accepting as true all well-pleaded factual allegations in the complaint and viewing them in the light most favorable to the plaintiff. Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly,

---

[2] To the extent Benge argues that we lack jurisdiction over this appeal because the district court stated its dismissal was without prejudice, we reject the argument. The district court's ruling that Benge's claim fails because he had not yet been finally deprived of the artwork effectively ends the matter in federal court. See Amazon, Inc. v. Dirt Camp, Inc., 273 F.3d 1271, 1275 (10th Cir. 2001) ("Although a dismissal without prejudice is usually not a final decision, where the dismissal finally disposes of the case so that it is not subject to further proceedings in federal court, the dismissal is final and appealable.").

550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff has pled "factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Id.

Oklahoma law provides that any time property comes into the custody of a municipality or the state, a claimant may file an application for a hearing at which "the court shall make a judicial determination as to the proper and lawful release of the property." Okla. Stat. tit. 22, § 1321(I). As the district court noted, we have characterized this remedy as a "predeprivation process" occurring "after the police initially take possession of property" but before the court "adjudicate[s] property interests." Wolfenbarger v. Williams, 774 F.2d 358, 363 (10th Cir. 1985). It rejected Benge's claim because he had not established that he was entitled to a hearing prior to final disposition of the artwork.

Benge advances very little substantive argument against the conclusion that that he had not been finally deprived of the artwork. He contends that the defendants' delay in disposing of the property qualifies as "final disposition" of that property, an apparent reference to one of our prior cases in which we stated that § 1321 provides a framework "for determining ownership of allegedly stolen property prior to its disposition." Lavicky v. Burnett, 758 F.2d 468, 473 (10th Cir. 1985). But the complaint specifically quotes a communication informing Benge that the artwork was sent to Greever "pending the outcome of the property hearing," and that "[o]wnership has not been determined by a judge at this point." And because Benge fails to support his argument that delay might ripen into a permanent deprivation with

6

any citation to authority, we hold it waived for inadequate briefing.  See Moore v. Gibson, 195 F.3d 1152, 1180 n.17 (10th Cir. 1999) ("We do not consider unsupported and undeveloped issues.").[3]

Benge also contends that the defendants violated § 1321 by returning the artwork to Greever.  See Mitchell v. State, 972 P.2d 888, 889 (Okla. Civ. App. 1998) (section 1321 "allows for the return of the property specified in this section without complying with the notice and hearing provisions only if there is no dispute concerning the ownership of the property." (quotations omitted)).  But as noted above, the allegations of the complaint show that defendants did not permanently dispose of the artwork.  Benge does not provide any support for the proposition that an individual who claims to own property cannot be involved with its storage pending disposition.

## IV

We **AFFIRM** the district court's dismissal of Benge's complaint and **DISMISS** his appeal to the extent it challenges the district court's denial of his motion to amend.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[3] In his reply brief, Benge argues for the first time that a post-deprivation hearing was insufficient because the actions of defendants were pre-planned.  "This court does not ordinarily review issues raised for the first time in a reply brief." Stump v. Gates, 211 F.3d 527, 533 (10th Cir. 2000).