**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 23, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ROBERT F. LAIN,

      Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

      Respondent-Appellee.

No. 05-8100
(D.C. No. 04-CV-245-B)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **McKAY**, and **BALDOCK**, Circuit Judges.

Robert F. Lain appeals from an order of the district court dismissing his

petition to quash summonses issued by the Internal Revenue Service (IRS) to

Cit-Co Federal Credit Union and Key Bank (the "banks"). These summonses,

which sought information about Mr. Lain's dealings with the banks, were issued

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

as part of an investigation into his liability for federal income taxes after he allegedly failed to file federal income tax returns for the tax periods ending December 31, 1995 through December 31, 2003. The district court concluded that the summonses were valid and enforceable. It therefore dismissed Mr. Lain's petition with prejudice.

On appeal, Mr. Lain raises several issues in opposition to the district court's dismissal. He contends that: (1) he was denied his right to counsel; (2) the district court and the United States Attorney baited him into making "tax protestor" arguments that he had no intention of making; (3) the district court should not have enforced the summonses without an enforcement hearing; (4) the IRS lacked jurisdiction to issue the summonses because he does not live on federally-owned property, does not work for the federal government, and has not contracted with the United States government; (5) an IRS agent acting under his administrative authority and pursuant to 26 U.S.C. § 7608 cannot issue a summons pertaining to unpaid income taxes; and (6) to be valid, an IRS summons must be backed by a federal court order.

A court of appeals reviews the district court's refusal to quash an IRS summons for an abuse of discretion. *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1415 (9th Cir. 1993). The decision to enforce an IRS summons will be reversed only for clear error. *United States v. Saunders*, 951 F.2d 1065, 1066 (9th Cir.

1991). Having reviewed the record, the briefs, and the applicable law in light of these standards, we discern no abuse of discretion in the district court's decision in this case. The judgment of the district court is therefore AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge