BACHARACH, Circuit Judge.
The Internal Revenue Service issued four summonses to banks in the Eastern and Western Districts of Oklahoma for records involving nursing homes owned by Mr. Sam Jewell. Under federal law, the IRS had to notify Mr. Jewell at least 23 days before the examination date. Because the IRS waited too long to mail the notices to Mr. Jewell, he received the notices less than 23 days before the records were to be examined. Alleging inadequate notice, Mr. Jewell filed petitions to quash the summonses in the Eastern and Western Districts of Oklahoma.
The two courts split on how to interpret the notice requirement. The Western District of Oklahoma granted the government’s summary judgment motion and denied Mr. Jewell’s petition to quash, noting that he received the summonses in time to file his petition. The Eastern District of Oklahoma granted Mr. Jewell’s petition to quash and denied the government’s motion to dismiss, reasoning that the IRS failed to comply with the notice requirement. Mr. Jewell appeals the ruling in the Western District of Oklahoma, and the government appeals the ruling in the Eastern District of Oklahoma. We hold that the IRS cannot obtain an order enforcing the summonses, affirming the ruling of the Eastern District of Oklahoma and reversing the ruling of the Western District of Oklahoma (with instructions to grant Mr. Jewell’s petition to quash the two summonses).
1. Standard of Review
The Western District of Oklahoma converted the government’s motion to dismiss into a motion for summary judgment. The court then granted the motion. Our review of this ruling is de novo. Wheeler v. Hurdman, 825 F.2d 257, 260 (10th Cir.1987). In conducting this review, we view the record in the light most favorable to Mr. Jewell. Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir.1998).[1] Viewing the evidence in this manner, we consider the materiality of any genuine issues of material fact. Thomson v. Salt Lake Cnty., 584 F.3d 1304, 1311 (10th Cir.2009).
The two district courts also addressed petitions to quash the summonses. For the rulings on these petitions, we review only for an abuse of discretion. See Hopkins v. I.R.S., 318 Fed.Appx. 703, 705 (10th Cir.2009); Lain v. United States, 173 Fed.Appx. 651, 652 (10th Cir.2006).[2]
II. The Requirements of United States v. Powell
In United States v. Powell, the Supreme Court listed four requirements for the IRS to make a prima facie case for enforcement of an administrative summons:
• The investigation must be conducted for a legitimate purpose;
• the summons must be relevant to that purpose;
• the IRS must not already have the information sought; and
• the IRS must have followed the “administrative steps required by [the Internal Revenue Code].”
*1298 Powell, 379 U.S. at 57-58, 85 S.Ct. 248. Mr. Jewell and the government agree that the fourth prong of Powell determines whether the summonses must be quashed.
III. The Administrative Steps in 26 U.S.C. § 7609(a)(1)
In 26 U.S.C. § 7609, the Internal Revenue Code lists special procedures for the IRS’s summonses to third parties. These procedures include 23 days’ notice to the taxpayer:
If any summons to which this section applies requires the giving of testimony on or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code (as defined in 7612(d)(2)) with respect to, any person (other than the person summoned) who is identified in the summons, then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined. Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons.
26 U.S.C. § 7609(a)(1) (2006) (emphasis added). In both cases, the government admitted that the taxpayer had not received the statutory notice. Appellant’s App. (W.D.Okla.appeal) at 62; Appellant’s App. (E.D.Okla.appeal) at 75. The resulting question is whether we are free to disregard the statutory requirement of 23 days’ notice.
A. Statutory Interpretation
To determine whether the IRS complied with § 7609(a)(1), we begin with the statutory language. If the plain language of the statute is clear, our inquiry ordinarily ends. E.g., United States v. Morgan, 922 F.2d 1495, 1496 (10th Cir.1991).
B. The Meaning of “Shall”
The statute provides that notice of the summons “shall” be given within 23 days before the date of the examination. Thus, we begin with the meaning of “shall.”
This term indicates a mandatory intent. See United States v. Myers, 106 F.3d 936, 941 (10th Cir.1997) (“It is a basic canon of statutory construction that use of the word ‘shall’ indicates a mandatory intent.”); Forest Guardians v. Babbitt, 174 F.3d 1178, 1187 (10th Cir.1999) (“The Supreme Court and this circuit have made clear that when a statute uses the word ‘shall,’ Congress has imposed a mandatory duty upon the subject of the command.”).
The government tells us that “shall” does not always signify a mandatory intent, relying on Barnhart v. Peabody Coal Co., 537 U.S. 149, 123 S.Ct. 748, 154 L.Ed.2d 653 (2003), and Dolan v. United States, 560 U.S. 605, 130 S.Ct. 2533, 177 L.Ed.2d 108 (2010). We disagree with the government’s reading of Barnhart and Dolan.
In both cases, statutes provided that the government “shall” act within a set time period. Barnhart, 537 U.S. at 152, 123 S.Ct. 748; Dolan, 560 U.S. at 607-08, 130 S.Ct. 2533. In both opinions, the Supreme Court acknowledged that “shall” signifies a mandatory intent. Barnhart, 537 U.S. at 157-60, 123 S.Ct. 748; Dolan, 560 U.S. at 612, 130 S.Ct. 2533. In Barnhart, the Commissioner of Social Security had a statutory obligation to assign a company that would fund benefits for individuals who had retired from the coal industry and were eligible for benefits. See Barnhart, 537 U.S. at 152, 123 S.Ct. 748. In Dolan, the district court had a statutory duty to *1299 determine how much the defendant owed in restitution. See Dolan, 560 U.S. at 607-08, 130 S.Ct. 2533. To carry out these duties, the government had statutory deadlines. But in both cases, the government missed the deadlines. See Barnhart, 537 U.S. at 155, 123 S.Ct. 748; Dolan, 560 U.S. at 609, 130 S.Ct. 2533.
Thus, in both cases, the Supreme Court had to determine which mandatory obligation (the underlying obligation or the deadline) took precedence. In Barnhart, did the failure to timely comply mean that the Social Security Commissioner no longer had to designate a company to fund benefits for retirees entitled to benefits? And, in Dolan, did the district court’s failure to timely comply mean that the victim would no longer get the restitution that Congress said he was owed? In both cases, the Court held that missing a deadline does not relieve the government of its statutory obligations. Barnhart, 537 U.S. at 158-72, 123 S.Ct. 748; Dolan, 560 U.S. at 611, 130 S.Ct. 2533. Thus, the Social Security Commissioner’s failure to timely designate a company would not prevent retirees from obtaining benefits, and a court’s delay would not relieve criminals of a duty to compensate their victims.
Our case is different. The IRS could issue the summonses, but it was not required to do so. In Barnhart, that choice was not available to the Social Security Commissioner; and in Dolan, that choice was not available to the sentencing court.
In short, Barnhart and Dolan did not disturb the age-old precept that “shall” means “shall.”
C. The Meaning of “Administrative Steps”
Though the statute creates a mandatory obligation, we must consider whether that obligation involves an “administrative step” under Powell. As discussed above, the Powell Court held that a prima facie case requires the IRS to show that it followed the “administrative steps required by [the Internal Revenue Code].” United States v. Powell, 379 U.S. 48, 57-58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). We know the 23-day notice requirement is mandatory, but is it an “administrative step” under Powell? We conclude that it is.
In Powell, the Supreme Court did not define the term “administrative step.” Thus, we start with the common meaning of the term. The term is broad, defined in one leading dictionary as “[p]ertaining to, or dealing with, the conduct or management of affairs.” I The Oxford English Dictionary 163 (2d ed.1989). The government acknowledges that the 23-day notice provision is “a procedural requirement for the issuance of an administrative summons.” Appellee Br. (W.D.Okla.appeal) at 39.[3] This requirement is not only “procedural,” but also “administrative.” See United States v. MacKay, 608 F.2d 830, 833-34 (10th Cir.1979).[4]
*1300 The IRS elsewhere characterizes the notice defect as a mere “technical default.” Appellee Br. (W.D.Okla.appeal) at 24 n. 8. This characterization, if accurate, is immaterial. Even if the IRS’s delay constituted a “technical default,” the question would be whether the “technical” notice requirement involves an “administrative” requirement. The meaning of the term “administrative” is broad and would include precisely this sort of “technical” requirement.
D. Application of Powell
Having determined that the 23-day notice requirement is mandatory and an “administrative step,” we must apply the Supreme Court’s opinion in Powell. There, the Supreme Court held that the IRS cannot make a prima facie case for enforcement of a summons until it shows compliance with the tax code’s “administrative steps.” United States v. Powell, 379 U.S. 48, 57-58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). These steps include the 23-day notice requirement, and the government admits that it did not give 23 days’ notice. Under Powell, that failure prevents the IRS from making a prima facie showing for enforcement of the summonses. Thus, Powell prevents enforcement of the summonses.
E. Approaches in Other Circuits
We are mindful of the fact that five other circuit courts have declined to apply Powell in this manner. Adamowicz v. United States, 531 F.3d 151, 161 (2d Cir.2008) (per curiam); Cook v. United States, 104 F.3d 886, 889-90 (6th Cir.1997); Sylvestre v. United States, 978 F.2d 25, 28 (1st Cir.1992) (per curiam); United States v. Bank of Moulton, 614 F.2d 1063, 1066 (5th Cir.1980) (per curiam); Azis v. U.S. IRS, 522 Fed.Appx. 770, 777 (11th Cir.2013) (per curiam). We are hesitant to create a circuit split, but we have little choice because we are obliged to follow the Supreme Court’s holding in Powell even if other circuit courts have not.
Four circuit courts have acknowledged Powell, but have declined to enforce the 23-day requirement as mandatory. These courts have taken two approaches. One approach (taken by the First Circuit) is to acknowledge that Powell requires the government to comply with all of the “required administrative steps,” but then to ignore the fact that the 23-day notice is one of the administrative steps required in the tax code. See Sylvestre v. United States, 978 F.2d at 26, 28. A second approach (taken by the Second, Sixth, and Eleventh Circuits) is to assume equitable power to excuse the notice defect if the taxpayer was not prejudiced. See Cook v. United States, 104 F.3d at 889-90; Azis v. U.S. IRS, 522 Fed.Appx. at 777; Adamowicz v. United States, 531 F.3d at 161. None of these courts denied that the 23-day requirement was mandatory or an “administrative step” of the tax code.
One other circuit court has declined to apply Powell when the IRS violated a separate notice provision: 26 U.S.C. § 7609(d)(1). Bank of Moulton, 614 F.2d at 1065. Though the IRS violated the notice requirement, the Fifth Circuit Court of Appeals allowed enforcement of the summons to avoid elevating “form over substance.” Id. at 1066-67.
Though we do not lightly create a circuit split, we are obliged to follow Supreme Court precedent, even when it might be viewed as “inequitable” or as “form over substance.” In Powell, the Supreme Court expressed itself clearly: If the IRS does not comply with the administrative requirements of the Internal Revenue Code, its summonses are unenforceable. United States v. Powell, 379 U.S. 48, 57-58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). The 23-day requirement is mandatory and an administrative requirement of the In *1301 ternal Revenue Code. Thus, under Powell, we conclude that the district courts in the Western and Eastern Districts of Oklahoma were obligated to grant Mr. Jewell’s petitions to quash the summonses.
IV. Conclusion
In enacting § 7609(a)(1), Congress stated that the IRS “shall” give taxpayers at least 23 days’ notice. In Powell, the Supreme Court required the IRS to show administrative compliance with the tax code before it can enforce a summons. In both cases, the IRS admittedly violated the tax code by failing to give Mr. Jewell 23 days’ notice. As a result, the IRS cannot make a prima facie case for enforcement of the summonses. In these circumstances, we:
• affirm the Eastern District of Oklahoma’s ruling, and
• reverse the Western District of Oklahoma’s grant of summary judgment to the government and denial of Mr. Jewell’s petition to quash, with instructions to grant Mr. Jewell’s petition to quash the summonses.

. The government argues that the summary judgment standard does not apply when the government makes its prima facie case under United States v. Powell, 379 U.S. 48, 57-58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). But the issue here is whether the government presented a prima facie case under Powell.

. Hopkins and Lain are unpublished; though they are not precedential, they are persuasive.

. In the district court proceedings, the government appeared to acknowledge that the 23-day notice requirement was among the tax code’s "administrative steps” under Powell. For example, the government argued that its affidavit had shown compliance with "all administrative steps” "with the exception of the 23-day notice requirement.” Appellant’s App. (W.D.Okla.appeal) at 55; Appellant’s App. (E.D.Okla.appeal) at 67.

. In MacKay, we applied Powell and addressed whether the IRS had complied with the tax code’s administrative steps. MacKay, 608 F.2d at 832-34. We held that the IRS had followed the required "administrative steps,” including the requirement for notification of the taxpayer "as required by § 7609(a)(1).” Id. at 833-34.