**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 16, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MICHAEL MENDENHALL,

    Plaintiff - Appellant,

v.

CITY AND COUNTY OF DENVER,

    Defendant - Appellee.

------------------------------

RICHARD W. HENDRIX; NATIONAL
POLICE ACCOUNTABILITY PROJECT
& LAW ENFORCEMENT ACTION
PARTNERSHIP; JULIE RICKERT;
KEENAN SAULTER; KENNETH
WALKER; ANJANETTE YOUNG;
CARY HANSEL; JOSHUA DRESSLER;
DONALD DRIPPS; RICHARD
FRIEDMAN; GEORGE C. THOMAS, III;
LAURENT SACHAROFF,

    Amici Curiae.

No. 25-1081
(D.C. No. 1:24-CV-00574-PAB-KAS)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **HARTZ**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and **PHILLIPS**, Circuit Judge.

_____

Michael Mendenhall, through counsel, appeals the district court's dismissal of his municipal liability action against the City and County of Denver ("Denver"). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND & PROCEDURAL HISTORY

In March 2023, Mendenhall heard a commotion outside his townhouse. He took a baseball bat with him to investigate, found a man outside, argued with him, and told him to leave. That man called the police and reported that Mendenhall threatened him with a baseball bat. The police arrived and arrested Mendenhall.[1] They prepared a search warrant application to search Mendenhall's townhouse based on the information from the phone call. The warrant was issued, the townhouse was searched, and Mendenhall's bat was seized.

Mendenhall then filed a 42 U.S.C. § 1983 action against Denver raising a municipal liability claim under *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). His complaint alleged that Denver's use of hearsay statements as a basis for probable cause was unconstitutional and resulted in (1) an unconstitutional search of his townhouse and (2) an unconstitutional seizure of his baseball bat. Mendenhall argued that the search warrant was based on double hearsay—the alleged victim's claims that Mendenhall threatened him outside the townhouse, and then the police

_____

[1] Mendenhall was initially charged with felony menacing, but all criminal charges against him were later dropped.

officer's communication of that information in the warrant application—and thus unconstitutional. He acknowledged that *Jones v. United States*, 362 U.S. 257, 269 (1960),[2] foreclosed his challenges, but argued that the case should ultimately be overturned.[3]

Denver moved to dismiss. In his response, Mendenhall conceded that *Jones* subjected his action to dismissal.

The district court dismissed the case, reasoning that hearsay statements, even multilayered ones, can support a probable cause finding for a search warrant. Therefore, Mendenhall could not establish that a Denver police officer violated his constitutional rights, and he could not plausibly state a municipal liability claim. Mendenhall appealed.

## DISCUSSION

On appeal, Mendenhall restates his desire to challenge and ultimately overturn *Jones*. Because *Jones* is dispositive on whether Mendenhall adequately pled a constitutional violation, we need not address his additional arguments here.

---

[2] A separate holding in *Jones* regarding Fourth Amendment automatic standing was overruled in *United States v. Salvucci*, 448 U.S. 83 (1980). In *Salvucci*, the Supreme Court held that "a prosecutor may simultaneously maintain that a defendant criminally possessed the seized good, but was not subject to a Fourth Amendment deprivation, without legal contradiction." *Id*. at 90. This holding is not relevant to the issues at hand here.

[3] Mendenhall has stated, both before the district court and this court, that this action is a test case to challenge *Jones*'s holding that hearsay can be used to support a probable cause finding.

### *Legal Framework*

We review a district court's ruling on a motion to dismiss de novo, accepting the well-pleaded allegations in the complaint as true and considering them in the light most favorable to the nonmoving party. *Johnson v. Smith*, 104 F.4th 153, 167 (10th Cir. 2024).

Federal district courts and circuit courts are bound to adhere to the controlling decisions of the Supreme Court. *Hutto v. Davis,* 454 U.S. 370, 375 (1982) ("[U]nless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be."); *Jewell v. United States*, 749 F.3d 1295, 1300 (10th Cir. 2014) (noting that the Tenth Circuit is "obliged to follow Supreme Court precedent").

A municipality may be held liable for constitutional torts committed by its employees if it executes an unconstitutional policy or custom, or a facially constitutional policy that causes a constitutional violation. *See Monell*, 436 U.S. at 694; *Burke v. Regalado*, 935 F.3d 960, 998 (10th Cir. 2019) ("[A] municipality may be liable only if a municipal actor committed a constitutional violation."). In addition to showing that a constitutional violation occurred, a plaintiff must satisfy three elements to succeed on a *Monell* claim: (1) an official policy or custom, (2) causation, and (3) deliberate indifference. *Finch v. Rapp*, 38 F.4th 1234, 1244 (10th Cir. 2022).

4

*Jones* held that an officer "may rely upon information received through an informant, rather than upon his direct observations, so long as the informant's statement is reasonably corroborated by other matters within the officer's knowledge." *Jones*, 362 U.S. at 269. We have also held that hearsay evidence is a valid basis for a probable cause determination in a warrant, and the same for double hearsay. *See United States v. One Hundred Forty-Nine Thousand Four Hundred Forty-Two & 43/100 Dollars ($149,442.43) in U.S. Currency*, 965 F.2d 868, 874 n.3 (10th Cir. 1992) ("Although this statement is clearly hearsay, and perhaps multiple hearsay, hearsay may be used to establish probable cause for a search warrant."); *United States v. Mathis*, 357 F.3d 1200, 1204-05 (10th Cir. 2004) ("[H]earsay evidence may form the basis for a probable cause determination. . . . We restate that multiple layers of hearsay may form the basis of a finding of probable cause.").

### *Analysis*

The district court did not err in determining that Mendenhall's municipal liability claim failed because he did not plausibly allege a constitutional violation. There is little for us to do here, as we are bound to follow Supreme Court precedent regarding what Mendenhall alleges to be a constitutional violation. *Hutto*, 454 U.S. at 375; *Jewell*, 749 F.3d at 1300. *Jones* held that hearsay statements are a valid basis for probable cause in a police warrant. *Jones*, 362 U.S. at 269. This remains good law and directly applies to Mendenhall's challenge, as he acknowledged before the district court and in his appellate arguments. *E.g.*, Joint App'x at 38; Aplt. Opening Br. at 11. Accordingly, there was no constitutional violation—using the hearsay

statements to prepare the warrant to search Mendenhall's townhome and ultimately to seize his baseball bat was permissible. *See Jones*, 362 U.S. at 269; *$149,442.43 in U.S. Currency,* 965 F.2d at 874 n.3; *see also Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993) (holding that the absence of a constitutional violation by city officers "precludes the imposition of any liability against" a city itself through a *Monell* claim).

Any change in the law that Mendenhall seeks must come from the Supreme Court, not us. *Hutto*, 454 U.S. at 375; *Jewell*, 749 F.3d at 1300.

## CONCLUSION

We affirm the district court's judgment.

Entered for the Court


Carlos F. Lucero
Senior Circuit Judge