FILED
United States Court of Appeals
Tenth Circuit

September 25, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DERRICK D. MCDONALD,
a/k/a D-Bird,

      Defendant-Appellant.

No. 12-3182
(D.C. No. 6:11-CR-10158-EFM-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **TYMKOVICH**, Circuit Judges.

Derrick D. McDonald pleaded guilty to two counts of bank robbery in

violation of 18 U.S.C. §§ 2113(a) and (d). By plea agreement, Mr. McDonald

waived the right to appeal his sentence unless it exceeded the advisory guideline

range, which was 188 to 235 months in prison. The district court sentenced him to

204 months' imprisonment. Notwithstanding the appeal waiver, Mr. McDonald filed

a notice of appeal. In his docketing statement, he indicated that the issue he would

---

[*]     This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

like to raise is whether the record was sufficient to determine that his conviction under a Kansas criminal-threat statute constituted a prior crime of violence supportive of the sentencing court's determination that he was a career offender under § 4B1.1 of the United States Sentencing Guidelines.

The government has moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In evaluating a motion to enforce a waiver, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325.

Mr. McDonald's counsel filed a response indicating that Mr. McDonald agrees that the first two *Hahn* factors have been met, but he may want to contest whether he received effective assistance of counsel in negotiating the appeal waiver, which is one way a miscarriage of justice can result. *See id.* at 1327 (listing four situations where a miscarriage of justice may result, including "where ineffective assistance of counsel in negotiation of [an appeal] waiver renders the waiver invalid"). But as counsel recognizes, that argument generally should be raised in a collateral proceeding under 28 U.S.C. § 2255, rather than on direct appeal, since the district court has not had an opportunity to develop the factual record on the issue. *See, e.g., United States v. Ibarra-Coronel*, 517 F.3d 1218, 1222 (10th Cir. 2008) (recognizing claim of ineffective assistance of trial counsel usually must be raised in collateral

proceeding); *Hahn*, 359 F.3d at 1327 & n.13 (recognizing ineffective assistance of counsel as exception to enforcing appellate waiver, but reiterating longstanding rule that such claims are generally properly considered on collateral review).

Nonetheless, we have conducted an independent review of the plea agreement, change of plea hearing transcript, sentencing hearing transcript, and motion to enforce. After doing so, we conclude that the *Hahn* requirements for enforcing the plea waiver at this time have been satisfied. As his counsel states, Mr. McDonald may properly bring an ineffective assistance of counsel claim concerning the negotiation of his appeal waiver in a collateral proceeding.

The government's motion to enforce the plea agreement is GRANTED and the appeal is DISMISSED.

Entered for the Court
Per Curiam