FILED
United States Court of Appeals
Tenth Circuit

November 3, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

DERRICK D. McDONALD,

      Defendant - Appellant.

No. 14-3138
(D.C. Nos. 6:13-CV-01216-EFM &
6:11-CR-10158-EFM-1)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Derrick McDonald seeks a certificate of appealability ("COA") to appeal the

district court's denial of his 28 U.S.C. § 2255 habeas petition, and separately appeals its

denial of his motion for reconsideration. We deny a COA and dismiss the appeal.

**I**

On March 22, 2012, McDonald pled guilty to two counts of bank robbery. The

government dropped a third charge of possession of a firearm in connection with a crime

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of violence.  As part of his plea agreement, McDonald waived the right to appeal or collaterally attack his sentence, except as allowed by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001).

McDonald, who is African-American, alleges that his counsel coerced him into accepting the plea agreement by telling McDonald he would face an all-white jury certain to convict him, and by asking McDonald's girlfriend to encourage him to accept the agreement.  McDonald also alleges that, in advising him to accept the plea agreement, his counsel was uncertain whether McDonald would be classified as a career offender because it was unclear whether his prior conviction for criminal threat constituted a "crime of violence."  During McDonald's sentencing hearing, defense counsel objected to the career offender classification, because the criminal threat offense listed multiple levels of mens rea in the alternative.  The district court concluded that the prior conviction constituted a crime of violence, and sentenced McDonald to 204 months, in the middle of McDonald's Guideline range.

We dismissed McDonald's direct appeal because of the appeal waiver in his plea agreement, but noted that he could collaterally attack the waiver via a § 2255 motion alleging ineffective assistance of counsel during plea negotiations.  United States v. McDonald, 481 F. App'x 452, 453 (10th Cir. 2012) (unpublished).  McDonald brought such a motion, which was denied by the district court.  United States v. McDonald, No. 11-10158-EFM, 2013 WL 3867802 (D. Kan. July 25, 2013) (unpublished).  McDonald

mailed a Fed. R. Civ. P. 59(e) motion for reconsideration of that denial on August, 22, 2013. According to its docket, the district court "misplaced" this motion and did not "relocate[]" it until March 10, 2014. It subsequently denied the motion, treating it as a Fed. R. Civ. P. 60 motion. McDonald now seeks to appeal the denials of both his § 2255 motion and his motion for reconsideration.

## II

## A

We first address whether the district court erred by denying McDonald's motion for reconsideration. Before considering this issue, we must first consider two issues implicating our jurisdiction: (1) whether McDonald filed his Rule 59(e) motion on time; and (2) whether the district court committed reversible error by construing McDonald's Rule 59(e) motion as a Rule 60 motion.

## 1

The district court denied McDonald's § 2255 motion on July 25, 2013. On August 22, 2013, McDonald placed a Rule 59(e) motion in the prison mail system. His motion included a signed certificate of service, "certify[ing]" the date on which it was mailed. However, McDonald did not sign the certificate "under penalty of perjury" or have the document notarized. The letter was postmarked August 23, 2013.

When a legal mail system is unavailable, a prisoner must submit an attestation to the date they deposit a letter in the prison mail system, in the form of a declaration made

under penalty of perjury or a notarized statement.  Price v. Philpot, 420 F.3d 1158, 1165 (10th Cir. 2005).  Such an attestation can be filed at any time until the court dismisses the case as untimely.  United States v. Ceballos-Martinez, 371 F.3d 713, 716 n.4 (10th Cir. 2004).

On October 6, 2014, McDonald submitted a Supplemental Declaration swearing, under penalty of perjury, that he placed his Rule 59(e) motion in the mail on August 22, 2013.  We thus have jurisdiction over his appeal because he filed his motion within twenty-eight days of the district court entering judgment, see Fed. R. Civ. P. 59(e), tolling the time to file a notice of appeal as to the district court's denial of his underlying § 2255 motion.  McDonald v. OneWest Bank, F.S.B., 680 F.3d 1264, 1266 (10th Cir. 2012).

**2**

Although McDonald filed his Rule 59(e) motion in August 2013, the district court "misplaced" the motion and did not "relocate[]" it until March 10, 2014.  Because March was well outside the twenty-eight day deadline to file a Rule 59(e) motion, the district court construed McDonald's motion as a Rule 60 motion.  See Allender v. Raytheon Aircraft Co., 439 F.3d 1236, 1242 (10th Cir. 2006).

We must consider whether the district court's construal constitutes reversible error.  It is well-established that "the grounds for Rule 59 and 60 motions differ."  Warren v. Am. Bankers Ins. of Fla., 507 F.3d 1239, 1244 n.3 (10th Cir. 2007).  District courts

commit legal error when they construe a motion as being made under the wrong rule. Jennings v. Rivers, 394 F.3d 850, 856 (10th Cir. 2005).

McDonald raised two grounds for reconsideration in his Rule 59(e) motion: (1) that he should have been granted an evidentiary hearing; and (2) that his § 2255 motion alleging ineffective assistance of counsel should have been granted. The district court denied relief on both grounds because McDonald did not present any new facts or otherwise present a ground for relief under Rule 60. Despite the differences between the rules, denial would also have been proper under Rule 59(e). Because McDonald was not entitled to relief under either Rule 59(e) or Rule 60, the district court's error in categorizing the motion was harmless.

Finally, an appeal from the denial of "a Rule 59(e) motion permits consideration of the merits of the underlying judgment, while an appeal from the denial of a Rule 60(b) motion does not itself preserve for appellate review the underlying judgment." Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc., 680 F.3d 1194, 1200 (10th Cir. 2011) (quotations omitted). Because McDonald's motion should have been construed as a Rule 59(e) motion, we have jurisdiction to review both the district court's denial of that motion and the merits of its underlying decision.

**3**

We review rulings on Rule 59(e) motions for abuse of discretion. M.D. Mark, Inc. v. Kerr-McGee Corp., 565 F.3d 753, 762 (10th Cir. 2009). Because McDonald proceeds

pro se, we construe his filings liberally.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  McDonald specifically argues that he was entitled to a hearing before the district court dismissed his habeas suit on procedural grounds, citing Slack v. McDaniel, 529 U.S. 473, 484 (2000).  But Slack says nothing about a right to a hearing, see id. at 484, and being denied a hearing is not grounds for Rule 59(e) relief unless the denial constitutes "manifest injustice," Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc., 693 F.3d 1195, 1212 (10th Cir. 2012).  As the district court explained, § 2255 does not require a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  Because the record provides no evidence showing that McDonald is entitled to § 2255 relief, the district court did not abuse its discretion by denying his motion for reconsideration.

**B**

McDonald may not appeal the denial of § 2255 relief without a COA.  28 U.S.C. § 2253(c)(1)(B).  We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  Id. § 2253(c)(2).  To satisfy this standard, McDonald must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack, 529 U.S. at 484 (quotations omitted).  McDonald raised four grounds for § 2255 relief:  (1) he received ineffective assistance of counsel; (2) his sentence was improperly

enhanced; (3) this court should have reached the merits of his claim on direct appeal; and (4) he has endured racially discriminatory treatment while detained.

A petitioner claiming ineffective assistance of counsel must establish "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

McDonald argues that his attorney was ineffective because the attorney's uncertainty regarding whether McDonald's past convictions qualified as crimes of violence left McDonald unable to determine whether he would be sentenced as a career offender. But "[a] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." United States v. Gigley, 213 F.3d 509, 517 n.3 (10th Cir. 2000). And defense counsel properly objected to the career offender classification at the sentencing hearing.

Separately, McDonald argues that his attorney pressured him into accepting a plea agreement by warning him that he would face an all-white jury and asking his girlfriend to encourage him to take the deal. But during his plea hearing, McDonald stated, under oath, that he had not been improperly persuaded into accepting the agreement.

McDonald also contends that his sentence was improperly enhanced because his criminal record was unauthenticated and the district court did not advise him that his career offender status might enhance his sentence. But as this court noted, McDonald's plea waived his right to a direct appeal unless he can establish, via collateral attack, that his counsel was ineffective in negotiating the plea. McDonald, 481 F. App'x at 452. Because McDonald has not proven that his counsel rendered ineffective assistance, the waiver prevents him from challenging the sentence's validity.

Relatedly, McDonald argues that this court should have reached the merits of his sentencing argument on direct appeal. But McDonald's plea agreement allowed him to appeal only if he signed his plea because of ineffective assistance of counsel, an argument which must be raised in a § 2255 petition. United States v. Hahn, 359 F.3d 1315, 1325, 1327 (10th Cir. 2004) (en banc) (per curiam).

Finally, McDonald provides a sworn affidavit describing racially discriminatory abuse he endured in the Butler County, Kansas, jail. McDonald's allegations, if true, might support a claim under 42 U.S.C. § 1983 that his constitutional rights were violated. But such mistreatment does not relate to McDonald's underlying conviction and is not a basis for § 2255 habeas relief.

## III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal.


Entered for the Court


Carlos F. Lucero
Circuit Judge